IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-2587-D |
| | § | |
| LARRY DWIGHT, | § | |
| | § | |
| Defendant. | § | |
| | | |
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:17-CV-2747-D |
| | § | |
| MITCH BATES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Scott Damon Richardson ("Richardson"), who is proceeding *pro se*, moves to remand these cases that defendants removed based on federal question jurisdiction.[1] The court denies the motions.[2]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] As permitted by N.D. Tex. Civ. R. 7.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

I

As the parties who removed these cases, defendants must overcome an initial presumption against jurisdiction and must establish that removal is proper. *See, e.g., Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). The removal statute implicates federalism concerns and therefore should be strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp. 2d 613, 619 (N.D. Tex. 2007) (Fitzwater, J.) (alteration in original) (quoting *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)); *see Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint.")). The well-pleaded complaint rule makes the plaintiff "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, a plaintiff may remain in state court by relying exclusively on state law. *See id.*

"A federal claim does not exist simply because facts are available in the complaint to suggest such a claim." *Tex. Dep't of Protective & Regulatory Servs. v. Mitchell-Davis*, 2007 WL 4334016,

at *2 (N.D. Tex. Dec. 11, 2007) (order) (Fitzwater, C.J.) (citing *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 292 (E.D. Tex. 1988)); *Chavez v. McDonald's Corp.*, 1999 WL 814527, at *2 (N.D. Tex. Oct. 8, 1999) (Fitzwater, J.) (holding that plaintiff had not alleged federal-law claim even though he referred at one point to exhausting his administrative remedies under federal law, where he otherwise clearly alleged that his claims were based on Texas statutory or common law)). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and not merely by way of an anticipated defense. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (internal quotation marks omitted); *see also Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("Yet the mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction."). In other words, the "plaintiff's petition must itself establish that the case arises under federal law. This means that a right or immunity created by the Constitution or laws of the United States must be an essential element of a plaintiff's cause of action." *Breathwit v. City of Terrell Civil Serv. Comm'n*, 2001 WL 1801174, at *1 (N.D. Tex. Dec. 5, 2001) (Fitzwater, J.) (internal citation omitted).

II

Richardson maintains in his motions to remand that he is relying on state law alone, i.e., that he is relying on Texas rights that mirror the United States Constitution. But in the petitions in both cases, he demands declaratory judgment against the defendants for violations of rights "guaranteed to Plaintiff by the 1st, 4th, 5th, 6th, 8th, Article of the Bill of Rights, and the 14th amendment to the [C]onstitution of the [U]nited [S]tates of America." His well-pleaded complaint therefore asserts

rights created by the Constitution of the United States that are essential elements of his cause of action.

III

If, within seven days of the date this memorandum opinion and order is filed, Richardson dismisses all claims that present federal questions,[3] the court will likely remand these cases to state court under its discretion and in accordance with its usual procedure. Although the propriety of removal is usually determined by examining the case at the time of removal, *see Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000), a district court retains the discretion to remand a case after the claims that gave rise to federal jurisdiction, and, in turn, to removal, have dropped out of the case. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) (affirming remand of state claims after plaintiff's amended complaint dropped claim that was completely preempted); *Pyle v. Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 211-12 (N.D. Tex. 1993) (Fitzwater, J.).

\* \* \*

Richardson's motions to remand are denied.

**SO ORDERED**.

November 17, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[3] Defendants have not filed answers or summary judgment motions; they have filed motions to dismiss.