IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2587-D |
| | § | |
| LARRY DWIGHT, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Larry Dwight, a Town of Addison municipal court judge, has moved to dismiss Plaintiff Scott Damon Richardson's *pro se* complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 2. United States District Judge Sidney A. Fitzwater has referred the motion to dismiss to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 4.

Richardson has filed a Counterclaim [Dkt. No. 7], which the undersigned construes as his response to the motion to dismiss. And Dwight has filed a reply. *See* Dkt. No. 9.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion and dismiss this action with prejudice.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts

as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The Supreme Court of the United States "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL

2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted).

Although the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008). And "[t]here is nothing improper about the district court considering the

content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techs.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

### Analysis

The facts underlying Richardson's claims all occurred at a December 1, 2015 court proceeding presided over by Judge Dwight. *See* Dkt. No. 1-1 at 5-6. The Statement of Facts set out in Richardson's state court petition provides in full:

> 1. On December 1st 2015 Judge Dwight ordered Plaintiff to appear to a Motions Hearing.
> 2. Judge Dwight asked if there were any statements to be made.
> 3. Prosecutor Larry McCallum said he had no evidence to present to the court.
> 4. Judge Dwight attempted to gavel the hearing closed.
> 5. Plaintiff interrupted, informing Judge Dwight he Challenged Subject Matter Jurisdiction.
> 6. Plaintiff prepared a one page opening statement then started reading.
> 7. Judge Dwight interrupted said he had jurisdiction in this case citing local code.
> 8. Plaintiff agrees Judge Dwight has jurisdiction in his court when the officer has capacity and standing, and proper policy/procedures have been followed, seemingly this has not occurred.
> 9. Plaintiff cited Officer Schieck lacks Capacity and Standing to bring a charge before this court.
> 10. Judge Dwight seemingly allowed a Complaint irregular on its face to be brought before this court negating his jurisdiction.
> 11. Judge Dwight immediately interrupted loudly and became agitated

>   saying "'he was not going to hear this."
>   12. Plaintiff told Judge Dwight he was prosecuting the case and that is was the duty of prosecution to prove his case.
>   13. Judge Dwight became very agitated saying loudly "you can't speak the law" and "you don't know the law."
>   14. Judge Larry Dwight looked towards his Bailiff who started approaching Plaintiff.
>   15. Plaintiff held up a Texas Criminal and Motor Vehicle Code book stating "this is the law."
>   16. Judge Dwight replied "Motions denied'" graveled the hearing closed and set for trial.
>   17. Judge Dwight seemingly displayed deliberate indifference acting biased and prejudiced towards Plaintiff denying the right to be heard in a court hearing-argument.

*Id.*

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). Absolute immunity extends to municipal judges acting within the scope of their jurisdiction, *see, e.g., Ellis v. City of Garland*, 213 F.3d 636 (table), 2000 WL 554280, at *2 (5th Cir. Apr. 12, 2000) (per curiam) – such as, like here, a municipal judge presiding over a traffic case, *see Hicks v. Bexar Cty., Tex.*, 973 F. Supp 653, 667-72 (W.D. Tex. 1997).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge

and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

As reflected above, none of Richardson's complaints against Judge Dwight are based on actions taken outside his judicial capacity. And Richardson fails to plausibly allege that there was a complete absence of all jurisdiction. Therefore, the claims against Judge Dwight should be "dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285; *cf. Jones v. Judge of 129th Harris Cty. Dist. Court*, 113 F. App'x 603, 604 (5th Cir. 2004) (per curiam) (affirming dismissal of claims barred by absolute judicial immunity "for failure to state a claim" under Section 1915(e)(2)(B)(ii)).

**Recommendation**

The Court should grant Defendant Larry Dwight's motion to dismiss the complaint [Dkt. No. 2] and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE