IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT DAMON RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2587-D |
| | § | |
| LARRY DWIGHT, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On January 30, 2018, the Court adopted the undersigned United States magistrate judge's December 28, 2017 findings of fact, conclusions of law, and recommendation and granted the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Larry Dwight, a Town of Addison municipal court judge. *See* Dkt. No. 14; *see also* Dkt. Nos. 2 & 11.

Through the same order, United States District Judge Sidney A. Fitzwater referred to the undersigned for recommendation under 28 U.S.C. § 636(b)(1)(B) Judge Dwight's January 19, 2018 alternative motion to strike or dismiss the amended complaint filed by Plaintiff Scott Damon Richardson, proceeding *pro se*, while the December 28, 2017 findings, conclusions, and recommendation were pending. *See* Dkt. Nos. 12, 13, & 14.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should grant the motion

[Dkt. No. 13] to the extent that leave to amend should be denied as futile. And, because Richardson has pleaded his best case, this action should be dismissed with prejudice.

## Applicable Background, Legal Standards, and Analysis

Richardson amended the substance of the factual allegations slightly as between the initial complaint and the amended complaint. As reflected below, Richardson deleted two paragraphs (stricken through) and added one paragraph (in bold and underlined) – he also changed a verb:

> 1. On December 1st 2015 Judge Dwight ordered Plaintiff to appear to a Motions Hearing.
> 2. Judge Dwight asked if there were any statements to be made.
> 3. Prosecutor Larry McCallum said he had no evidence to present to the court.
> 4. Judge Dwight attempted to gavel the hearing closed.
> 5. Plaintiff interrupted, informing Judge Dwight he Challenged Subject Matter Jurisdiction.
> **6. On May 15th 2015 Plaintiff filed Affidavit of Scott Richardson Not Engaged in Commerce or Transportation, Respondent's Special Appearance and Formal Notice of Declination to Plea and Respondents Special appearance.**
> > **Subject matter jurisdiction in Texas courts cannot be waived. Continental Coffee Prods. Co. v. Casarez, 937 S.W.2d 444, 448-9 n. 2 (Tex. 1996). A challenge can be raised by any party or by the court SUA sponte, at any time -even on appeal. Tullos v. Eaton Corp., 695 S.W.2d 568 (Tex. 1985).**
> 7. Plaintiff prepared a one page opening statement then started reading.
> 8. Judge Dwight interrupted said he had jurisdiction in this case citing local code.
> 9. Plaintiff agrees Judge Dwight has jurisdiction in his court when the officer has capacity and standing, and proper policy/procedures have been followed, seemingly this has not occurred.
> 10. Plaintiff cited Officer Schieck lacks Capacity and Standing to bring a charge before this court.
> ~~Judge Dwight seemingly allowed a Complaint irregular on its face to be brought before this court negating his jurisdiction.~~
> 11. Judge Dwight immediately interrupted loudly and became agitated

saying "he was not going to hear this."
12. Plaintiff ~~told~~ **informed** Judge Dwight he was prosecuting the case and that is was the duty of prosecution to prove his case.
13. Judge Dwight became very agitated saying loudly "you can't speak the law" and "you don't know the law."
14. Judge Larry Dwight looked towards his Bailiff who started approaching Plaintiff.
15. Plaintiff held up a Texas Criminal and Motor Vehicle Code book stating "this is the law."
16. Judge Dwight replied "Motions denied" graveled the hearing closed and set for trial.
~~Judge Dwight seemingly displayed deliberate indifference acting biased and prejudiced towards Plaintiff denying the right to be heard in a court hearing-argument.~~

Dkt. No. 12 at 2 (as compared with Dkt. No. 1-1 at 5-6).

As stated by Judge Fitzwater in the order referring this motion, "the court must ensure that plaintiff, a *pro se* litigant, has had a least one opportunity to plead his best case before dismissing it at the pleading stage." Dkt. No. 14 at 1; *accord Wiggins v. La. State Univ. – Health Care Servs. Div.*, ___ F. App'x ___, No. 17-30033, 2017 WL 4479425, at *2 (5th Cir. Oct. 6, 2017) (per curiam) ("Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009))). Indeed, Federal Rule of Civil Procedure 15(a)

> provides that leave to amend shall be "freely" given "when justice so requires." FED. R. CIV. P. 15(a). "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). Granting leave to amend, however, is not required if the plaintiff has already pleaded her "best case." *Brewster*, 587 F.3d at 768 (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). A plaintiff has pleaded her best case after she is "apprised of the insufficiency" of her complaint. *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008) (citing *Morrison v. City of Baton Rouge*, 761 F.2d 242, 246 (5th

> Cir. 1985) ("[T]he plaintiffs in this case have been apprised of the insufficiency of their conclusory allegations ... and have been afforded an opportunity to plead facts that would overcome the bar of *Imbler* immunity. We can assume, therefore, that the specific allegations of the amended complaint constitute the plaintiffs' best case...."))). A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court. *See Brewster*, 587 F.3d at 767-68. Similarly, a district court need not grant a futile motion to amend. *Legate*, 822 F.3d at 211 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

*Wiggins*, 2017 WL 4479425, at \*2 (citation modified); *see also Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Here, Richardson had the benefit of the undersigned's recommendation that his initial complaint should be dismissed because none of the factual allegations against Judge Dwight are based on actions taken outside his judicial capacity – which means that Richardson failed to plausibly allege that Judge Dwight's actions were taken in the complete absence of all jurisdiction – thus triggering absolute judicial immunity. *See generally* Dkt. No. 11. But the material facts in the amended complaint fail "to overcome [these] deficiencies." *Wiggins*, 2017 WL 4479425, at \*2; *see* Dkt. No. 12 at 2 (conceding that "Judge Dwight has jurisdiction in his court" but arguing that this jurisdiction is stripped by actions taken by the officer who wrote the citation). This pleading failure indicates both that Richardson has pleaded his best case and that

granting leave to amend would be futile.

## Recommendation

The Court should grant Defendant Larry Dwight's alternative motion to strike or dismiss the amended complaint [Dkt. No. 13] to the extent that leave to amend should be denied, and this action should be dismissed with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 31, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE